# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DERRICK DARNELL CARTER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-2733** |
| **ROBERT TANNER, ET AL.** | **SECTION: "N" (3)** |

## O R D E R

Plaintiff has filed a motion for a preliminary injunction. Rec. Doc. 5. Under the law of this Circuit, a plaintiff must make a clear showing that his case satisfies the following four criteria before he can receive a preliminary injunction: (1) a substantial likelihood exists that he will succeed on the merits of his claim; (2) a substantial threat of irreparable harm exists if the injunction is not granted; (3) the threatened injury outweighs any harm to the defendants if the injunction is granted; and (4) the injunction will not undermine the public interest. See Valley v. Rapides Parish School Board, 118 F.3d 1047, 1051 (5th Cir. 1997); see also Ingebresten v. Jackson Public School District, 88 F.3d 274, 278 (5th Cir. 1996); Doe v. Duncanville Independent School District, 994 F.2d 160, 163 (5th Cir. 1993); Holland American Ins. Co. v. Succession of Roy, 777 F.2d 992, 997 (5th Cir. 1985). He must satisfy all four factors; a failure to satisfy even one of the four factors requires a denial of the preliminary injunction. See Mississippi Power & Light v. United Gas Pipe Line Co., 760 F.2d 618, 621 (5th Cir. 1985).

The United States Fifth Circuit Court of Appeals has frequently cautioned that a preliminary injunction is an "extraordinary remedy" which should be granted only if the movant has clearly carried the burden of persuasion on all four of the above prerequisites. See, e.g., Cherokee Pump & Equipment Inc. v. Aurora Pump, 38 F.3d 246, 249 (5th Cir. 1994). As a result, "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule." Id.; see also House the Homeless, Inc. v. Widnall, 94 F.3d 176, 180 (5th Cir. 1996).

That "extraordinary remedy" simply is not warranted in this case. For the following reasons, the Court finds that plaintiff has failed to make the required showing on any of the four criteria for a preliminary injunction.

First and foremost, the Court finds that plaintiff has not demonstrated that there is a "substantial likelihood" that he will succeed on the merits of his claims. The Court notes that plaintiff will have to overcome significant obstacles with respect to those claims. Based on plaintiff's past behavior, he is a maximum-custody inmate currently confined in small lockdown cell.[1] He complains that the size of the cell makes strenuous exercise difficult.[2] Although he acknowledges that he is released from his cell for one-hour exercise periods, he complains that he must remain in handcuffs and shackles during those periods.[3] However, even if those allegations are true, they would not appear to pose an atypical, significant deprivation in a prison setting or rise to the level of a constitutional violation. See Argue v. Hofmeyer, 80 Fed. App'x 427, 429 (6th Cir.

---

[1] Rec. Doc. 5, pp. 5-6, 41, and 43.

[2] Rec. Doc. 5, p. 6.

[3] Rec. Doc. 5, pp. 7-8.

2003); Smith v. Romer, No. 96-1211, 1997 WL 57093, at *2 (10th Cir. Feb. 11, 1997).  The Court notes that severe restrictions on or complete denials of outdoor recreation have been found to be constitutional.  See, e.g., Scott v. Gusman, No. 10-2706, 2011 WL 666851, at *3 (E.D. La. Feb. 14, 2011).

Second, plaintiff has not shown that a substantial threat of irreparable harm exists if the injunction is not granted.  Although he alleges that his physical condition has deteriorated due to his inability to engage in strenuous exercise, he has offered no colorable evidence supporting that allegation.  On the contrary, even he acknowledges in his motion that he is under a physician's care at the prison and that the physician has suggested forms of exercise which are possible and which would, in his opinion, benefit plaintiff.[4]

Lastly, plaintiff has failed to establish either that the purported harm he faces outweighs the harm to the defendants if the injunction is granted or that the injunction will not undermine the public interest.  On the contrary, the restrictions on plaintiff, i.e. placement in a lockdown cell and use of restraints when he is outside of that cell, concern inherently difficult matters of institutional security.  Such matters are generally better left to the professional expertise of prison administrators rather than to the legal expertise of judges, and, therefore, federal courts are loath to second-guess security matters in federal civil rights actions absent a clear constitutional violation or extraordinary circumstances.  Rather, on matters of security, federal courts "must acknowledge the importance of the state's interest in the prison setting.  We must accord wide ranging deference to the decisions of prison administrators and permit them to make difficult judgments concerning prison operations."

---

[4] Rec. Doc. 5, pp. 11-12; Rec. Doc 5-2, p. 12.

Smith v. Bingham, 914 F.2d 740, 742 (5th Cir. 1990). Here, granting a preliminary injunction on the inadequate showing made by plaintiff would make the defendants' challenging jobs even more arduous and might well make an inherently dangerous setting more volatile.

In light of the foregoing, it is clear that plaintiff has not made a sufficient showing that the "extraordinary remedy" of immediate injunctive relief is warranted. Simply put, his claims are of a type that are better and more appropriately considered within the confines and procedures of the normal litigation process. Accordingly, plaintiff's motion for preliminary injunction is **DENIED**.

New Orleans, Louisiana, this third day of January, 2012.

_____
**DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE**